Mr. Chief Justice Sharkey
delivered the opinion of the court.
The plaintiff declared against the defendant, as the indorser of a promissory note, made by James Noe, payable to Hunt, Littlejohn & Pugh. The defendant pleaded the general issue. The note was payable at the Commercial and Railroad Bank of Yicksburg, and at the bottom of the note was a memorandum, that Noe, the maker, and Hunt, Littlejohn & Pugh would receive notice at the post-office at Yicksburg. The note was protested when due, and notice, directed to Hunt, Littlejohn & Pugh, was left in the post-office. Hunt, it was proven, was at the time in Texas. The memorandum, at the bottom of the note, was proved to be in the hand-writing of Pugh, one of the firm, and tliat the defendant was then a member of the firm of Hunt, Littlejohn & Pugh.
• The court charged the jury, that unless they should believe that the plaintiff gave notice of the non-payment to said Hunt, other than the notice above-mentioned, which was put in the post-office, directed to Hunt, Littlejohn & Pugh, there being no allegation in the declaration that Hunt signed the same as co-partner, pr that there was a partnership between Hunt, Little- *703 john & Pugh, then they must find for the defendant. This charge was excepted to, and its correctness is the only question in the case.
By the statute of 1836, (How. & Hutch. Dig. 595,) the contracts of partners are declared to be joint and several, and the manner of declaring is materially altered. Whether the writing be signed by any one of the members, in the name of the firm, and whether the names be abbreviated or signed at length, or whether the name of the firm be used at length or abbreviated, it is sufficient to declare against any one or more of them, either severally or as partners, alleging the liability of each to have arisen by the promise or agreement, executed or signed by such signature as the writing imports ; and to sustain such averments it is sufficient to introduce the contract, signed or executed in the manner averred. And it is not lawful for any defendant so sued to deny the name or signature to such writing, unless by plea, supported by affidavit.
The declaration seems to have been framed in view of these statutory provisions, and the plea admits the execution of the note. It was not necessary to aver a partnership in the declaration, in order to entitle the plaintiff to recover; this is expressly dispensed with by the statute. The defendant was therefore legally charged. Does the proof sustain the charge 1 The statute does not seem to have been framed with a view to change' the rule of evidence in regard to notice. If Hunt, Littlejohn & Pugh agreed to receive notice at a particular place, notice directed to them and left there, it would seem, would be sufficient, if they had all been sued; and why is it not sufficient when one only is sued 1 The reason given is, that no partnership was averred in the declaration. If such averment was not necessary to entitle the plaintiff to read the note in evidence', it certainly was not necessary to make the notice admissible. The notice was directed to Hunt, Littlejohn & Pugh, and the defendant was a member of that firm. It was, therefore, notice' to him. It was legal to sue one or all; the proof that would charge all will certainly charge one of them.
Judgment reversed, and cause remanded.-